# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFWEAR, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>ICON HEALTH & FITNESS, INC.,<br><br>   Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO BIFURCATE AND STAY DISCOVERY WITH RESPECT TO DAMAGES (ECF NO. 26)**<br><br>Case No. 2:17-cv-00476-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Icon Health & Fitness, Inc. ("Icon") moves to bifurcate trial and discovery in this case between liability and damages. (Mot. to Bifurcate Proceedings & Stay Discovery with Respect to Damages ("Mot."), ECF No. 26.) Alfwear, Inc. ("Alfwear") alleges Icon engaged in trademark infringement, unfair competition, and dilution. (See generally Compl., ECF No. 2.) Icon cites Federal Rule of Civil Procedure 42(b) as the basis for its Motion (Mot. 1, ECF No. 26), which allows for bifurcation of trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Icon also seeks to stay discovery on damages unless and until a jury finds it liable on any of the pending claims. (See Mot. 4, ECF No. 26.)

Bifurcation under Rule 42 is not "'the norm or even a common occurrence.'" Bonham v. GEICO Cas. Co., No. 15-CV-02109-MEH, 2016 WL 26513, at *1 (D. Colo. Jan. 4, 2016) (unpublished) (quoting The Marianist Province of the United States, Inc. v. Ace USA, No. 08-cv-01760-WYD-MEH, 2010 WL 2681760, at *1 (D. Colo. July 2, 2010) (unpublished) (citing Fed. R. Civ. P. 42(b) advis. comm. notes (noting that bifurcation should not be routinely

1

ordered))). "[B]ifurcation is an abuse of discretion if it is unfair or prejudicial to a party." Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993).

Courts sometimes bifurcate liability and damages phases at trial where proof of damages does not form an element of the claim and/or where proof of damages goes beyond traditional actual damages because evidence about such damages can prove extensive and complicated and may distract jurors from questions of liability and focus them instead on the relative means of the parties. See M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005); Angelo, 11 F.3d at 964-65.

The Court finds a single trial, divided into two phases, to the same jury will avoid prejudice to either party, enhance the ability of the jury to focus on the issues in front of it, and potentially increase efficiency to the extent the second phase proves unnecessary. The Court ORDERS a single trial to proceed with phase one trying the issues of liability and willfulness to a verdict, and, if necessary, the trial will proceed immediately to the damages phase before the same jury.

In the Motion briefing and argument, the parties agreed that to prevail, Alfwear must show that it owns a protectable mark, that Icon used an identical or similar mark in commerce, and that doing so likely caused confusion. (Mot. 5, ECF No. 26; Alfwear, Inc.'s Mem. In Opp'n to Mot. to Bifurcate Proceedings and Stay Discovery with Respect to Damages ("Opp'n") 4, ECF No. 29.) See 15 U.S.C. § 1114; Donchez v. Coors Brewing Co., 392 F.3d 1211, 1215 (10th Cir. 2004). The claims do not require proof of damage for liability to exist.

If liability does exist, Alfwear has three different potential monetary remedies: disgorgement of Icon's profits, Alfwear's damages, and the costs of the action. 15

U.S.C. § 1117.  To obtain disgorgement of profits Alfwear must show willfulness on the part of Icon.  W. Diversified Servs., Inc. v. Hyundai Motor Am., Inc., 427 F.3d 1269, 1273 (10th Cir. 2005).  To prove the amount of disgorgement, Alfwear will put on evidence of Icon's sales, and then Icon must put on evidence of any cost or deductions from that amount.  15 U.S.C. § 1117(a).

While the parties could avoid some discovery by bifurcation if Icon prevails on liability, the Court anticipates numerous disputes and motions regarding where to draw the line of relevant discovery.  See SenoRX, Inc. v. Hologic, Inc., 920 F. Supp. 2d 565, 569-570 (D. Del. 2013) (denying bifurcation of trial and discovery in part because of overlap between liability and willfulness issues in patent infringement case); Ecrix Corp. v. Exabyte Corp., 191 F.R.D. 611, 614 (D. Colo. 2000) (refusing to bifurcate discovery despite having bifurcated trial because of anticipated disputes regarding overlap).  The Court finds that overlap exists in the discovery needs on liability and damages, particularly in the area of willfulness.  In addition, financial evidence will have some relevance in the proposed first phase to the issue of consumer confusion, obviously not to the same degree as a damages phase, but where to draw the line will cause disputes.  More importantly bifurcation would likely lead to a multiplication of discovery expenses if Icon does not prevail on the liability prong.  Discovery would have to recommence requiring re-deposition of previously deposed witnesses.  In addition, the Court would have to summon another jury to try the damages issues.  Put simply, this case does not require a stay of discovery for the convenience of the parties, to promote efficiency, or to avoid prejudice.  Therefore, the Court DENIES Icon's Motion to Stay Discovery.

However, the Court finds Icon met its burden to show phasing of trial will increase convenience, avoid prejudice, or be conducive to expedition and economy to a certain degree. See Sensitron, Inc. v. Wallace, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007) (noting the burden falls on the movant to prove the propriety of bifurcation). Damage calculations in this trademark infringement, unfair competition, and dilution case may involve a number of calculations and expert testimony that may not be necessary if the trier of fact determines either that Icon does not have liability or at least did not act willfully. See Medtronix Xomed, Inc. v. Gyrus ENT LLC, 440 F. Supp. 2d 1333, (M.D. Fla. 2006); Windsor Indus., Inc. v. Pro-Team, Inc., 87 F. Supp. 2d 1129, 1130-32 (D. Colo. 2000). "If the jury in the first [phase] finds in the Defendants' favor, then there would be no trial on damages, and no time whatsoever would be used in presenting evidence, argument and instructions on issues regarding damages. In the end, this would promote economy." Smith-Walker v. Zielinski, No. IP 01-0343-C-T/K, 2003 WL 21254221, at *4 (S.D. Ind. Apr. 29, 2003) (unpublished). The Court finds that damages evidence could distract and confuse the jury in this case. Efficiency will only be gained however by having the same jury try the issues immediately following each other, otherwise witnesses will have to be recalled, foundations laid, etc. The parties will try willfulness in the first phase with liability because of the interconnected nature of that testimony. For these reasons, the Court GRANTS Icon's Motion to Bifurcate Proceedings in part and ORDERS a phased trial as described above. The parties can explore the outlines of this process at the pretrial conference.

SO ORDERED.

DATED this 14th day of December, 2018.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge